IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MARK C. JOHNSON,
    *Pro se* Petitioner,

v.                                                      Civil No. 3:19cv837 (DJN)

PENNYMAC LOAN SERVICES, LLC,
    Respondent.

## ORDER TO SHOW CAUSE
### (Criminal Contempt)

This matter comes before the Court following an evidentiary hearing conducted on August 31, 2020. On November 12, 2019, Petitioner Mark C. Johnson ("Petitioner") filed a Petition to Confirm Arbitration Award (ECF No. 1), moving to confirm a fraudulent arbitration award (the "Award") that he obtained against Respondent PennyMacLoan Services, LLC ("Respondent"). Petitioner asked the Court to confirm the Award in the amount of $2.25 million entered by arbitrator Kirk Gibbs ("Gibbs") on behalf of Sitcomm Arbitration Association ("SAA"). Respondent filed a Motion to Vacate the Award (ECF No. 6). On January 9, 2020, the Court scheduled an evidentiary hearing on the two motions to occur on April 2, 2020 (the "Order" (ECF No. 8)). Due to Coronavirus-19, the Court continued the hearing, ultimately holding it on August 31, 2020. (ECF No. 41.) Respondent served the Order and the orders rescheduling the hearings on Gibbs at several addresses, including 4155 Lawrenceville HWY, PMB 8119, GA 30047. (ECF No. 17, 37.) The day before Respondent sent the Order to this address, Gibbs confirmed to the United States District Court for the Southern District of Mississippi that this was his address of record. (ECF No. 37-8).

In the Order, the Court ordered Gibbs to appear in person at the evidentiary hearing, both in his capacity as the arbitrator between the parties, and on behalf of SAA. The Court further Ordered Gibbs to file, not later than ten days before the evidentiary hearing, certain documents related to the purported arbitration hearing in this case and the validity of SAA as an arbitration organization. Petitioner and Respondent appeared at the hearing, and Respondent's witness had traveled to the hearing in the event that his testimony was needed.

Gibbs failed to comply with the Court's Order to appear in person at the evidentiary hearing or file certain documents before the evidentiary hearing. Accordingly, pursuant to Fed. R. Crim. P. 42(a), the Court hereby ORDERS that Kirk Gibbs appear on October 6, 2020, at 10:30 a.m. to show cause as to whether his failure to comply with the Court's Order constitutes criminal contempt in violation of 18 U.S.C. § 401. At that time, the Court will conduct a bench trial on the issue. Should the Court find Gibbs guilty of criminal contempt, sentencing will follow immediately after the trial and the punishment shall not exceed six (6) months imprisonment or a fine of $5,000.[1] Should Gibbs fail to appear on October 6, 2020, a bench warrant will be issued for his arrest and he will be subject to immediate detention.

Finally, pursuant to Fed. R. Crim. P. 42(a)(2), the Court hereby APPOINTS the United States Attorney for the Eastern District of Virginia, specifically Assistant United States Attorney Peter Duffey, to prosecute Gibbs. The Court further refers this matter, as well as the matter of *Meekins v. Lakeview Loan Servicing, LLC, et al.*, No. 3:19cv501, to the United States Attorney's

---

[1] If the Court limits the potential maximum punishment to six (6) months imprisonment or a fine of $5,000, the defendant is not entitled to a jury trial. *See Lewis v. United States*, 518 U.S. 322 (1996) (holding that the Sixth Amendment right to jury does not apply when defendant faces potential punishment of six months imprisonment or less); *United States v. Williams*, 2020 WL 2116690, at *1 (4th Cir. Apr. 29, 2020) ("Criminal contempt involving imprisonment of more than six months entitles the contemnor to a jury trial, but contempt involving imprisonment of no more than six months does not.").

2

Office for review of possible violations of mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, and racketeering, 18 U.S.C. § 1962.

The Clerk is hereby DIRECTED to open a miscellaneous criminal proceeding for this contempt proceeding and designate Peter Duffey as counsel of record for the Government. Let the Clerk file a copy of this Order electronically and provide a copy to all counsel of record, *pro se* Petitioner at his address of record, the United States Attorney's Office and the United States Marshal. The United States Marshal is hereby DIRECTED to serve Kirk Gibbs with this Order at his residence of 4155 Lawrenceville HWY, PMB 8119, GA 30047.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 1, 2020