IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal No. 3:20cr94 (DJN)

KIRK GIBBS,
        Defendant.

**MEMORANDUM ORDER**

This matter comes before the Court following a contempt hearing at which Kirk Gibbs failed to appear. On November 12, 2019, Petitioner Mark C. Johnson ("Petitioner") filed a Petition to Confirm arbitration award, moving to confirm a fraudulent Arbitration Award (the "Award") that he obtained against Respondent PennyMac Loan Services, LLC ("Respondent") in the related civil action *Johnson v. PennyMac Loan Services, LLC*, No. 3:19cv837 ("*Johnson v. PennyMac*"). Petitioner asked the Court to confirm the Award in the amount of $2.25 million entered by arbitrator Kirk Gibbs ("Gibbs") on behalf of Sitcomm Arbitration Association ("SAA"). Respondent filed a Motion to Vacate the Award (*Johnson v. PennyMac*, ECF No. 6). On January 9, 2020, the Court scheduled an evidentiary hearing on the two motions to occur on April 2, 2020 (the "Order" (*Johnson v. PennyMac*, ECF No. 8)). Due to Coronavirus-19, the Court continued the hearing, ultimately holding it on August 31, 2020. (*Johnson v. PennyMac*, ECF No. 41.) Respondent served the Order and the orders rescheduling the hearings on Gibbs at several addresses, including 4155 Lawrenceville HWY, PMB 8119, GA 30047. (*Johnson v. PennyMac*, ECF Nos. 17, 37.) The day before Respondent sent the Order to this address, Gibbs

confirmed to the United States District Court for the Southern District of Mississippi that this was his address of record. (*Johnson v. PennyMac,* ECF No. 37-8).

In the Order, the Court ordered Gibbs to appear in person at the evidentiary hearing, both in his capacity as the arbitrator between the parties, and on behalf of SAA. The Court further Ordered Gibbs to file, not later than ten days before the evidentiary hearing, certain documents related to the purported arbitration hearing and the validity of SAA as an arbitration organization. Gibbs failed to file any documents or appear at the evidentiary hearing. Respondent, by counsel, appeared at the evidentiary hearing, along with a witness who had traveled from Florida.

As a result of his noncompliance with the Court's Order, the Court issued an order for Gibbs to show cause as to whether his failure to comply with the Court's Order constituted criminal contempt in violation of 18 U.S.C. § 401. (ECF No. 1.) The Court ordered Gibbs to appear on October 6, 2020, at 10:30 a.m., for a bench trial on the issue. Further, the Court appointed the United States Attorney for the Eastern District of Virginia to prosecute Gibbs.

The Court directed the United States Marshal to serve Gibbs with the show cause order at his address of 4155 Lawrenceville HWY, PMB 8119, GA 30047. Again, Gibbs had as recently as June 22, 2020, confirmed this address as his with a federal court in Mississippi. However, the Marshal returned the show cause order unexecuted, stating "Property Manager, Elisa Johnson, has no lessor listed at property as Kirk Gibbs." (ECF No. 3.) Therefore, the Marshal was unable to serve Gibbs with the show cause order and he did not appear at the criminal contempt hearing.

Due to the inability to serve Gibbs, the criminal contempt hearing is hereby CONTINUED until November 23, 2020, at 11:00 a.m. Gibbs is hereby ORDERED and

2

SUMMONED[1] to appear at that date and time at 701 E. Broad Street, Richmond, VA, 23219, Courtroom 6300. At that time, the Court will hold a bench trial on the issue of whether Gibbs' failure to comply with the Court's Order constitutes criminal contempt in violation of 18 U.S.C. § 401. Should the Court find Gibbs guilty of criminal contempt, sentencing will follow immediately after the trial and the punishment shall not exceed six (6) months imprisonment or a fine of $5,000.[2] Should Gibbs fail to appear on October 6, 2020, a bench warrant will be issued for his arrest and he will be subject to immediate detention.

The Court hereby ORDERS Respondent to utilize a private process server to personally serve Gibbs with this Memorandum Order *by hand* within ten (10) days of the entry hereof. *Compare* Fed. R. Crim. P. 4(c)(1) (authorizing service of a criminal summons by "any person authorized to serve a summons in a federal civil action"), *with* Fed. R. Civ. P. 4(c)(2) (authorizing any person who is at least 18 years old and not a party to serve a summons in a federal civil action). Respondent shall file a certificate of service within three (3) days of perfecting service.

---

[1] This Order constitutes a summons under Fed. R. Crim. P. 4(b)(2).

[2] If the Court limits the potential maximum punishment to six (6) months imprisonment or a fine of $5,000, the defendant is not entitled to a jury trial. *See Lewis v. United States*, 518 U.S. 322 (1996) (holding that the Sixth Amendment right to jury does not apply when defendant faces potential punishment of six months imprisonment or less); *United States v. Williams*, 2020 WL 2116690, at *1 (4th Cir. Apr. 29, 2020) ("Criminal contempt involving imprisonment of more than six months entitles the contemnor to a jury trial, but contempt involving imprisonment of no more than six months does not.").

3

Let the Clerk file this Memorandum Order electronically and notify all counsel of record in this case and in *Johnson v. PennyMac Loan Services, LLLC*, Case No. 3:19cv837.

It is so ORDERED.

                                                             /s/
                                           David J. Novak
                                           United States District Judge

Richmond, Virginia
Dated: October 6, 2020