IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                                                         Criminal No. 3:20cr94 (DJN)

KIRK GIBBS,
        Defendant.

**ORDER**

This matter comes before the Court on the Certificate of Service filed by PennyMac Loan Services, LLC ("PennyMac"), filed in the civil action that gave rise to this contempt action, *Johnson v. PennyMac Loan Services, LLC*, No. 3:19cv837 (ECF No. 55). The Court had previously scheduled a bench trial for October 6, 2020, on the issue of whether Defendant Kirk Gibbs' ("Defendant") disobedience of the Court's order requiring him to appear before the Court at an evidentiary hearing on August 31, 2020, constituted criminal contempt in violation of 18 U.S.C. § 401. However, the United States Marshal indicated that it could not perfect service on Defendant of the order that summoned him to appear on October 6, 2020. Accordingly, the Court continued the contempt proceeding until November 23, 2020, at 11:00 a.m., and issued a Memorandum Order that summoned Defendant to appear on that date. (ECF No. 5.) The Court ordered PennyMac to utilize a process server to personally serve Defendant with the October 6, 2020, Memorandum Order by hand within ten days. On October 16, 2020, PennyMac indicated that it had served Defendant with the Memorandum Order by Certified Mail, but it did not indicate that it had served Defendant by hand, detail what efforts it had taken to serve Defendant by hand nor indicate who had signed for the Certified Mail.

If Defendant signed for the Certified Mail, then PennyMac is hereby ORDERED to file the return receipt bearing Defendant's signature within three (3) days of the entry hereof. If Defendant did not sign for the Certified Mail, then PennyMac is hereby ORDERED to utilize a private process server to serve Defendant with the October 6, 2020 Memorandum Order by hand within seven (7) days of the entry hereof. PennyMac shall file a certificate of service within three (3) days of perfecting service by hand. Any further requests for an extension shall detail the efforts that PennyMac has taken to perfect service on Defendant by hand.

Let the Clerk file this Memorandum Order electronically and notify all counsel of record in this case and in *Johnson v. PennyMac Loan Services, LLLC*, Case No. 3:19cv837.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: October 19, 2020